FILED

MAR 2 1 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICCAEL ALSHAIKH, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>METROPOLITAN TRANSIT, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv140 BEN (CAB)<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS AND REMANDING TO STATE COURT** |

## INTRODUCTION

On January 24, 2011, this action was removed from state court based on the Plaintiffs naming a federal employee as a defendant and the assertion of a federal claim under the Federal Tort Claims Act. Plaintiffs' claims arise out of injuries Plaintiff Alshaikh suffered at a trolley station when he was attacked by three unknown assailants. The United States, having certified that the named federal defendant was acting within the scope of his office at the time the claim arose, now moves to dismiss. Defendant United States moves to dismiss Plaintiffs' claims because Plaintiffs failed to file the requisite administrative claim with the Federal Transit Administration before filing suit. Plaintiffs have filed an opposition to the motion. Because Plaintiffs have failed to a state a claim, the United States' motion to dismiss is **GRANTED** and the case is **REMANDED** to the Superior Court of California, County of San Diego.

## DISCUSSION

Claimants, like Plaintiffs, cannot sue the United States without "first giv[ing] the appropriate federal agency the opportunity to resolve the claim." *Cadwater v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing 28 U.S.C. § 2675(a)). "This administrative claim prerequisite is jurisdictional" and "must be strictly adhered to." *Id.* Section 2675 prohibits a claim against the United States for personal injury "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

Plaintiffs have not alleged that a claim was submitted to the appropriate federal agency or that a claim was denied in writing. Plaintiffs argue in opposition that they submitted a City of San Diego claim form to the Risk Management Department in compliance with California Government Code § 900. But, submission of a City claim form to a local entity does not meet the requirement for a federal claim to proceed, *i.e.*, submit a claim "to the appropriate *Federal* agency" and have it denied in writing by that federal agency. 28 U.S.C. § 2675(a) (emphasis added). Plaintiffs' claim against the United States is **DISMISSED** without prejudice.

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Here, the federal claim and the only federal defendant are being dismissed. Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claims and defendants and remands the case to the Superior Court of California, County of San Diego, for further proceedings.

## CONCLUSION

Defendant United States' motion to dismiss is **GRANTED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and non-federal defendants. The case is **REMANDED** to the Superior Court of California, County of San Diego, for further proceedings. The March 28, 2011 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: March __, 2011

Hon. Roger T. Benitez
United States District Court